UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTCT OF MICHIGAN
SOUTHERN DIVISION

TERESA STEVENSON,
        Plaintiff,                Civil Action No.: 16-14174
                                        Honorable Paul D. Borman
v.                                          Magistrate Judge Elizabeth A. Stafford

CAROLYN W. COLVIN,
Acting Commissioner of
Social Security,

        Defendant.
_____/

## REPORT AND RECOMMENDATION TO DENY PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS* [R. 2]

On November 29, 2016, Plaintiff Teresa Stevenson filed her complaint and an application to proceed *in forma pauperis.* [R. 1; R. 2]. Nichols' application to proceed *in forma pauperis* should be **DENIED**, and she should be required to pay the filing fee in this matter.[1]

28 U.S.C. § 1915(a) provides that "any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets."  If such a

---

[1] The case has been referred to this Court for all pretrial matters pursuant to 28 U.S.C. § 636(b)(1).  A denial of a motion to proceed is considered dispositive, requiring a report and recommendation. *Woods v. Dahlberg*, 894 F.2d 187, 187-88 (6th Cir. 1990).

motion to proceed *in forma pauperis* is accompanied by a facially sufficient affidavit, the court should allow the complaint to be filed.  *See Gibson v. R.G. Smith Co.*, 915 F.2d 260, 261 (6th Cir. 1990).

"In determining IFP eligibility, courts will generally look to whether the persons are employed, the person's annual salary, and any other property or assets the person may possess.  Assets include equity in real estate and automobiles."  *Carroll v. Onemain Fin. Inc.*, No. 14-CV-14514, 2015 WL 404105, at *2 (E.D. Mich. Jan. 29, 2015) (internal quotation marks and citations omitted).  "In addition, federal courts, which are charged with evaluating IFP Applications, have consistently considered not only an IFP applicant's personal income, but also his or her other financial resources, including the resources that could be made available from the applicant's spouse, or other family members."  *Id.*

Courts have denied IFP applications where applicants have had assets and/or income that exceed the cost of filing the complaint. *Beres v. Comm'r of Soc. Sec. Admin.*, No. 1:14CV01448, 2014 WL 3924634, at *2 (N.D. Ohio Aug. 11, 2014) (collecting cases).  Here, Stevenson's application reflects an IBM pension of $186.94, long term disability income of $1,064,06, and Social Security payments of $1,270.00, presumably received on a monthly basis.  [R. 2, PgID 4].  The application

also reflects her savings in the amount of $11,829.79, and monthly expenses that do not exceed her monthly income.  [*Id.*, PgID 5].

The Court recommends that Stevenson's application be denied, as "[her] access to court is not blocked by [her] financial condition, but rather [s]he is properly in the position of having to weigh the financial constraints posed by pursuing [her] complaint against the merits of [her] claims." *Carroll*, 2015 WL 404105, at *3.

**IT IS SO ORDERED.**

Dated: December 7, 2016       s/ Elizabeth A. Stafford
Detroit, Michigan       ELIZABETH A. STAFFORD
     United States Magistrate Judge

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*; United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party might have to this Report and Recommendation.  *Willis v. Secretary of*

*HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). A copy of any objection must be served upon this Magistrate Judge. E.D. Mich. LR 72.1(d)(2).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of objections, **the non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation. If the Court determines that any objections are without merit, it may rule without awaiting the response.

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 7, 2016.

                                    s/Marlena Williams
                                    MARLENA WILLIAMS
                                    Case Manager