UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| TERESA STEVENSON, | Civil Action No.: 16-14174 |
| | Honorable Paul D. Borman |
| Plaintiff, | Magistrate Judge Elizabeth A. Stafford |
| v. | |
| NANCY A. BERRYHILL, ACTING COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

_____/

**REPORT AND RECOMMENDATION ON CROSS-MOTIONS FOR SUMMARY JUDGMENT [ECF NOS. 13, 14]**

Plaintiff Teresa Stevenson appeals a final decision of defendant Commissioner of Social Security (Commissioner) denying her application for disability insurance benefits (DIB) under the Social Security Act. Both parties have filed summary judgment motions, referred to this Court for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). After review of the record, the Court finds that the administrative law judge's (ALJ) decision is supported by substantial evidence, and thus **RECOMMENDS** that:

- Stevenson's motion [ECF No. 13] be **DENIED**;
- the Commissioner's motion [ECF No. 14] be **GRANTED**; and

- the Commissioner's decision be **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g).

## I. BACKGROUND

### A. Background and Disability Applications

Stevenson was born on March 8, 1951, making her 64 years old on her alleged onset date of March 31, 2015. [ECF No. 10-5, Tr. 151]. She has a high school education and prior work history as a chemical dependency counselor and a family counselor. [ECF No. 10-2, Tr. 27]. She alleged disability due to Alzheimer's disease and chronic depression. [ECF No. 11-6, Tr. 164].

After the Commissioner denied her disability application initially, Stevenson requested a hearing, which took place in June 2016, during which she and a vocational expert (VE) testified. [ECF No. 10-2, Tr. 34-52]. In a June 24, 2016, written decision, the ALJ found Stevenson to be not disabled. [*Id.*, Tr. 28]. The Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner, and Stevenson timely filed for judicial review. [*Id.*, Tr. 1-3; ECF No. 1].

### B. The ALJ's Application of the Disability Framework Analysis

DIB is available for those who have a "disability." *See Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). A "disability" is the "inability to

engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

The Commissioner determines whether an applicant is disabled by analyzing five sequential steps. First, if the applicant is "doing substantial gainful activity," he or she will be found not disabled. 20 C.F.R. § 404.1520(a)(4). Second, if the claimant has not had a severe impairment or a combination of such impairments[1] for a continuous period of at least 12 months, no disability will be found. *Id.* Third, if the claimant's severe impairments meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments, the claimant will be found disabled. *Id.* If the fourth step is reached, the Commissioner considers its assessment of the claimant's residual functional capacity, and will find the claimant not disabled if he or she can still do past relevant work. *Id.* At the final step, the Commissioner reviews the claimant's RFC, age, education and work experiences, and determines whether the claimant could adjust to other work. *Id.* The claimant bears the burden of proof throughout the first

---

[1] A severe impairment is one that "significantly limits [the claimant's] physical or mental ability to do basic work activities." § 1520(c).

3

four steps, but the burden shifts to the Commissioner if the fifth step is reached. *Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994).

Applying this framework, the ALJ concluded that Stevenson was not disabled. At the first step, she found that Stevenson had not engaged in substantial gainful activity since her alleged onset date. [ECF No. 10-2, Tr. 20]. At the second step, the ALJ found that Stevenson had the severe impairments of depression and Alzheimer's. [*Id.*]. Next, the ALJ concluded that none of her impairments, either alone or in combination, met or medically equaled the severity of a listed impairment. [*Id.*, Tr. 20-22].

Between the third and fourth steps, the ALJ found that Stevenson had the RFC to perform a full range of work at all exertional levels, with the non-exertional limitations of:

> [S]imple, routine, one to three step instructions; low stress, defined as no quick decision making and no quick judgment on the job; no interaction with the public and only occasional interaction with coworkers and supervisors; could not operate as part of a team; and would be unable to perform jobs that are fast pace, high production, or have frequent changes in task expectations or locations.

[*Id.*, Tr. 24]. At the fourth step, the ALJ concluded that Stevenson could not perform her past relevant work. [*Id.,* Tr. 27]. At the final step, after considering Stevenson's age, education, work experience, RFC, and the

4

testimony of the VE, the ALJ determined that Stevenson could perform work in occupations such as industrial cleaner, hospital cleaner, and sandwich maker, which exist in significant numbers in the national economy. [*Id.*, Tr. 27-28].

## II. ANALYSIS

### A.

Pursuant to § 405(g), this Court's review is limited to determining whether the Commissioner's decision is supported by substantial evidence and was made in conformity with proper legal standards. *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (internal quotation marks and citation omitted). Only the evidence in the record below may be considered when determining whether the ALJ's decision is supported by substantial evidence. *Bass v. McMahon*, 499 F.3d 506, 513 (6th Cir. 2007).

Stevenson argues that the ALJ violated the treating physician rule and made an erroneous credibility determination. The Court disagrees,

finding that any error committed by the ALJ is harmless, and recommends that the decision be affirmed.

**B.**

Stevenson contends that the opinion of Simona Amalathas, M.D., was entitled to controlling weight and that the ALJ failed to give good reasons for giving it only some weight. The "treating physician rule" requires an ALJ to give controlling weight to a treating physician's opinions regarding the nature and severity of a claimant's condition when those opinions are well-supported by medically acceptable clinical and diagnostic evidence, and not inconsistent with other substantial evidence. *Gentry*, 741 F.3d at 727-29; *Rogers*, 486 F.3d at 242-43. An ALJ who decides to give less than controlling weight to a treating physician's opinion must give "good reasons" for doing so, in order to "make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." *Rogers*, 486 F.3d at 242 (quoting SSR 96-2p, 1996 WL 374188, at *5 (1996)).

Dr. Amalathas filled out a Mental Residual Functional Capacity Questionnaire in March 2016, noting that Stevenson was under her care for "many years," having been last seen in October 2015. [ECF No. 10-7, Tr. 307]. Stevenson told Dr. Amalathas that she was unable to keep up with

6

her work as a therapist, was confused and slow and making mistakes, and was trying to make adjustments, but that she ultimately lost her job. [*Id.*]. She said she would get lost driving to Dr. Amalathas's office, and that she did not get better from a "cognition point of view" even after no longer working, though her anxiety did decrease. [*Id.*]. Dr. Amalathas found her prognosis to be guarded, and expected her condition to worsen over time. [*Id.*].

Dr. Amalathas checked boxes indicating that Stevenson suffered from "generalized persistent anxiety," "memory impairment," and "sleep disturbance." [*Id.*, Tr. 308]. She found Stevenson to be "seriously limited, but not precluded," in many areas such as remembering work-like procedures, maintaining regular attendance and punctuality, sustaining an ordinary routine without special supervision, working in proximity with others, making simple work-related decisions, accepting instructions, responding to changes in a routine setting, interacting appropriately with the public, and maintaining socially appropriate behavior. [*Id.*, Tr. 309-10]. Dr. Amalathas also found that Stevenson was unable to meet competitive standards in the areas of "complet[ing] a normal workday and workweek without interruptions from psychologically based symptoms," performing at a consistent pace, and dealing with normal work stress. [*Id.*, Tr. 309]. But

7

she opined that Stevenson could understand, remember, and carry out very short and simple instructions and maintain attention for two-hour segments of time. [*Id.*]. Dr. Amalathas concluded that Stevenson has dementia and is cognitively impaired, making it difficult for her to work at a regular job on a sustained basis. [*Id.*, Tr. 310].

The ALJ gave this opinion some weight, but found that certain of Dr. Amalathas's conclusions were unsupported by objective medical records. [ECF No. 10-2, Tr. 26]. The ALJ found no support for the limitations on Stevenson's ability to complete a normal workday; to perform at a consistent pace; to maintain attendance and an ordinary routine; and to work with others and make simple work-related decisions, because Stevenson's records reflected "essentially unremarkable exams" and findings of only mild impairments. [*Id.*]. The ALJ noted Stevenson's situational anxiety, but also that she had only mild memory impairment, mild limitation in functioning, and no irritability or depression. [*Id.*]. She also noted that Dr. Amalathas is not a psychiatrist and was treating Stevenson for her physical condition, though she did also assign GAF scores and make mental diagnoses. [*Id.*].

Rebutting the ALJ's analysis, Stevenson cites to Dr. Amalathas's records from May to July 2015, noting that in May she was found to have

8

impaired memory and functioning. [ECF No. 10-7, Tr. 317]. But this record also supports the ALJ's analysis, as her memory impairment and functioning level impairment are noted to be "mild." [*Id.*]. The record from May also states that she has "grossly intact short term, intermediate and long term memory" and "attention span and concentration" within normal limits. [*Id.*]. Stevenson cites records from June as showing agitation, confusion, and disorientation to time, and records from July which convey "severe confusion" while driving, but all of these impairments stem from subjective reports from Stevenson to Dr. Amalathas. [*Id.*, Tr. 318-20]. The results of examinations on those dates are similar to those from May, echoing Dr. Amalathas's findings of mild impairments, grossly intact memory, and normal attention and concentration. [*Id.*]. Though not cited by Stevenson, Dr. Amalathas's examinations from before and after the aforementioned dates in 2015 had the same results. [*Id.*, Tr. 243-46, 321-26].

The Commissioner correctly points out that this record evidence is consistent with the ALJ's analysis and conclusions, and also points to the ALJ's reliance on records from neurologist Ashlesh Dani, M.D., which Stevenson does not address. Dr. Dani saw Stevenson monthly from February to April 2015. [*Id.*, Tr. 275-77, 281-83, 284-87]. In February,

9

Stevenson had normal memory, mildly decreased attention span and concentration, and memory recall of 3/3 at one and three minutes, and in April she was mildly depressed, had mild word finding difficulty, and memory recall at 2/3 at three minutes upon examination. [*Id.*]. Dr. Dani also found that Stevenson was still able to perform routine activities of daily living, "including living alone, driving, banking, finances, [and] shopping by herself." [*Id.*, Tr. 275].

Stevenson's only support for Dr. Amalathas's opinion comes from her own subjective reports in Dr. Amalathas's notes, but an opinion based solely on such may be disregarded when the ALJ discredits a claimant's credibility. *See Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 391 (6th Cir. 2004); *Tate v. Comm'r of Soc. Sec.*, 467 F. App'x 431, 433 (6th Cir. 2012). The objective record cited by the ALJ supported her conclusion to give Dr. Amalathas's opinion only some weight, and her reasoning satisfies the "good reasons" requirement. And the ALJ did not fully discount the opinion, and her assessed RFC accounts for some nonexertional impairments by requiring Stevenson's work to be simple, routine, low stress, and not fast paced, high production, or frequently changing. [ECF No. 10-2, Tr. 22]. Stevenson has given the Court no reason to question these conclusions.

**C.**

Stevenson takes issue with the ALJ's finding that her claims were "not entirely consistent" with the record evidence. [ECF No. 10-2, Tr. 23]. But credibility determinations of witnesses are within the province of the ALJ and should not be disturbed "absent compelling reason." *Smith v. Halter*, 307 F.3d 377, 379 (6th Cir. 2001). Stevenson argues that her daily activities her consistent work history of over fifteen years supports her credibility, but she cites no other objective evidence to bolster her claims. [ECF No. 13, PageID 486, citing ECF No. 10-5, Tr. 160]. She then summarizes her subjective statements about her activities of daily living, which she argues are "in line with someone who cannot perform work activity on a sustained basis." [*Id.*]. But her cursory argument offers little to rebut the ALJ's reasoning, which is based on an extensive review of the medical record and cites instances of Stevenson denying irritability or depression, having only mildly impaired memory and functioning, intact memory, normal concentration and attention, logical thinking, good insight and judgment, no anxiety, and only mild cognitive impairment. [ECF No. 10-2, Tr. 23-24].

11

When claimant's subjective complaints regarding her symptoms, or their intensity or persistence, are not supported with by objective evidence, the ALJ is required to consider the entire record. *Rogers*, 486 F.3d at 247. "Consistency between a claimant's symptom complaints and the other evidence in the record tends to support the credibility of the claimant, while inconsistency, although not necessarily defeating, should have the opposite effect." *Id.* at 248.  Here, the ALJ sufficiently detailed the inconsistency between Stevenson's claims of disabling symptoms and the medical evidence.

Stevenson also argues that the ALJ's credibility determination should be rejected for its use of boilerplate language, citing Seventh Circuit authority.  In this Circuit, boilerplate language is only cause for concern when it is not linked to evidence in the record. *See Hemingway v. Comm'r of Soc. Sec.*, No. 14-CV-12184, 2015 WL 4967060, at *8 (E.D. Mich. Aug. 19, 2015) (citing cases).  Here, the paragraphs following the ALJ's boilerplate finding of partial credibility thoroughly outline the objective evidence she relied upon in coming to that conclusion. [ECF No. 10-2, Tr. 23-24].  Thus, the Court finds no reason to disturb the ALJ's credibility determination.

### III.    CONCLUSION

For the reasons stated above, the Court **RECOMMENDS** that Stevenson's motion for summary judgment be [ECF No. 13] be **DENIED**; that the Commissioner's motion [ECF No. 14] be **GRANTED**; and that the Commissioner's decision be **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g).

Dated: January 12, 2018

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*; United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). A copy of any objection

must be served upon this Magistrate Judge. E.D. Mich. LR 72.1(d)(2).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of objections, **the non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation. If the Court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 12, 2018.

                                              s/Marlena Williams
                                              MARLENA WILLIAMS
                                              Case Manager